UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN D. ELLESIN, #215190,

      Petitioner,

                                Case No: 05-CV-71737-DT
                                Honorable Lawrence P. Zatkoff

v.

BLAINE C. LAFLER,

      Respondent.
_____/

## OPINION & ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Shawn D. Ellesin, a state inmate currently incarcerated at Boyer Road Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 asserting that he is in custody in violation of his constitutional rights. Respondent[1] filed his Answer in Opposition to the Petition for Writ of Habeas Corpus. Petitioner was convicted by a jury in Oakland County Circuit Court of armed robbery, Mich. Comp. Laws § 750.529, and was sentenced to a prison term of thirteen to twenty-five years as an habitual offender, third offense, Mich. Comp. Laws § 769.11.

Petitioner challenges the legality of his conviction and raises four issues: (1) whether one of the prosecution's law enforcement witnesses improperly vouched for complainant's credibility; (2) whether Petitioner's case was improperly submitted to an eleven member jury after one of the jurors failed to report to court; (2) whether Petitioner was denied his Sixth Amendment right to

---

[1] Petitioner's present custodian is Blaine C. Lafler, but when he filed his petition his custodian was Jan Trombley.

confrontation when evidence of a wallet and its contents were presented at trial without being properly preserved by law enforcement in Ohio; and (4) whether Petitioner was denied effective assistance of counsel when he: (a) failed to ask the trial court for a continuance until the missing juror returned; and (b) failed to ask for a mistrial after the prosecutor's misconduct in using a witness to vouch for the complainant. Respondent argues that Petitioner's last three claims are procedurally defaulted. Relative to his first claim, Respondent asserts that the Michigan Court of Appeals was not objectively unreasonable in its application of clearly established Supreme Court law. Upon review of the pleadings, the Court denies Petitioner's Writ of Habeas Corpus.

## II. Factual Background

The complainant, Lonnie Lawshea, testified that on April 8, 2001 at approximately 11:30 p.m., he was sitting in his vehicle in the AmeriSuites Hotel parking lot in Auburn Hills, Michigan completing some paperwork. After drifting off to sleep, he was awakened by Petitioner knocking on the window asking for directions. As Mr. Lawshea was providing directions, Petitioner pulled out a gun and proceeded to take Mr. Lawshea's wallet, credit cards and $9.00 in cash. Mr. Lawshea stated that Petitioner then handcuffed him to his steering wheel and left the parking lot. Petitioner was driving on the highway in Ohio when he pulled over to a rest stop. While sleeping, he was awakened by law enforcement officials who searched the vehicle and found Mr. Lawshea's stolen items. A jailhouse informant corroborated Mr. Lawshea's testimony that he was robbed by the Petitioner in the parking lot. Other law enforcement personnel provided testimony at trial.

At trial, Petitioner admitted that he had a crack cocaine habit and that he was high and had been drinking rum on the evening in question. However, Petitioner testified that he and Mr. Lawshea met outside a party store in Pontiac, Michigan and proceeded to get high and drunk together. Petitioner later gave Mr. Lawshea money to obtain more crack cocaine, who left his

2

alleged stolen items in Petitioner's car as a proposed sign of good faith that he would be back with the narcotics. According to Petitioner, Mr. Lawshea never returned. He further testified that he left the parking lot and, due to his inebriation, drove in the wrong direction toward Ohio. Petitioner pulled over to a rest stop when he got tired and fell asleep. Shortly thereafter, the Police approached Petitioner's vehicle and, upon searching it and finding the stolen items, placed him under arrest. The jury convicted Petitioner of armed robbery.

### III. Procedural Background

Following his conviction and sentencing, Petitioner, through counsel, filed a direct appeal in the Michigan Court of Appeals, raising nine issues: (1) whether Petitioner's case was improperly submitted to an eleven member jury after one of the jurors failed to report to court; (2) whether Petitioner was denied his Sixth Amendment right to confrontation when evidence of a wallet and its contents were presented at trial without being properly preserved by law enforcement in Ohio; (3) whether Petitioner was denied effective assistance of counsel when he: (a) failed to ask the trial court for a continuance until the missing juror returned; and (b) failed to ask for a mistrial after the prosecutor's misconduct in using a witness to vouch for the complainant; (4) whether one of the prosecution's law enforcement witnesses improperly vouched for victim's credibility; (5) whether there was sufficient evidence to sustain Petitioner's conviction; (6) whether the jury's verdict was against the great weight of the evidence; (7) whether defense counsel was ineffective for failing to give an opening statement; (8) whether Petitioner was denied a fair trial due to the cumulative error; and (9) whether the trial court erred in its scoring of Petitioner's offense variables under the Michigan Sentencing Guidelines. On October 16, 2003, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Ellesin,* 2003 WL 22359382 (Mich. App. Oct. 16, 2003).

Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court

raising the same issues. The Michigan Supreme Court entered an order on April 30, 2004 denying relief to the Petitioner. *People v. Ellesin,* 470 Mich. 857; 679 N.W.2d 698 (Table) Mich. Sup. Ct. No. 125062 (April 30, 2004). On April 25, 2005, Petitioner filed an application for writ of habeas corpus which is presently before the Court.

## IV. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions, and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## V. Discussion

### A. Procedural Default

A claim is procedurally defaulted when a state court declines to reach the merits of an issue

4

because: (1) the petitioner violated a state procedural rule; (2) the state court enforced the rule; and (3) the rule is an "adequate and independent" state ground to foreclose habeas review. *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006). A claim is also procedurally defaulted if the merits of the issue are reached but under a "plain error" review. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). The state procedural rule in question here is the issue preservation rule, or the contemporaneous objection rule. Specifically, a criminal defendant must present a claim to the trial court for consideration in order to preserve the claim for appellate review. *People v. Grant,* 445 Mich. 535, 546 (1994). Petitioner does not dispute that he violated the preservation rule by failing to make a contemporaneous objection to the issues regarding: (1) whether Petitioner's case was improperly submitted to an eleven member jury after one of the jurors failed to report to court; and (2) whether Petitioner was denied his Sixth Amendment right to confrontation when evidence of a wallet and its contents were presented at trial without being properly preserved by law enforcement in Ohio. The Michigan Court of Appeals reviewed each of these claims under a plain error analysis. Therefore, these two issues are procedurally defaulted.

Federal courts will not consider the merits of a procedurally defaulted claim unless the petitioner demonstrates cause for the default and prejudice resulting from the default or that a "fundamental miscarriage of justice" will result if the claims are not reviewed. *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). To establish cause, the Petitioner must present a substantial reason to excuse the default. *Id.* Cause must be something that cannot be attributed to the petitioner. *Id.* A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 495-96 (1986). To be credible, such a claim "requires

5

petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). In order to obtain habeas review of the merits of a procedurally - defaulted claim under the "actual innocence" exception, the otherwise - barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted but with due regard to any unreliability of it and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

1. Procedurally Defaulted Claims & Cause

   a. *Confrontation Clause & Preservation of Evidence*

Relative to the preservation of evidence and Confrontation Clause issue, Petitioner has demonstrated no factual or legal causal basis for the default of this claim. Therefore, the Court declines to address the merits of the issue.

   b. *Eleven Member Panel Jury & Ineffective Assistance of Counsel*

In contrast, Petitioner asserts a causal basis for the default of the eleven panel jury issue by claiming ineffective assistance of counsel for his failure to request a continuance until the twelfth juror returned.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy a two-prong test. *Strickland v. Washington,* 466 U.S. 668 (1984). First, the petitioner must show that the performance of counsel fell "below the objective standard of reasonableness." *Id.* at 688. In so doing, the petitioner must rebut the presumption that counsel's "challenged action might be

6

considered sound trial strategy." *Id.* at 689. The second prong requires that the defendant "show there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Id.*

The Court finds Petitioner's ineffective assistance of counsel argument unpersuasive for three reasons. First, it is not unconstitutional nor improper for a defendant's case to be decided upon by eleven jurors as opposed to twelve. *U.S. v. Murphy,* 483 F.3d 639, 642-44 (9th Cir. 2007). Thus, federal law does not require a twelve person jury. Second, Petitioner's argument that a favorable result would have occurred if the trial had been continued until the twelfth juror returned is unsupported by law or fact. Therefore, there is no evidence before the Court which indicates that a continuance would have benefitted Petitioner's position in this matter. Finally, the decision to seek or not seek a continuance is a strategic one that, without more, will not form the basis for maintaining a claim of ineffective of counsel. *Hairston v. Bradshaw,* 2007 WL 838921, *18 (N.D. Ohio 2007). As previously stated, Petitioner's contention that the missing juror would have helped him in this case is pure speculation and is not sufficient to substantiate an ineffective assistance of counsel claim.

Accordingly, the Court does not find trial counsel's performance to have been deficient, nor has there been a showing that but for trial counsel's failure to request a continuance, that there was a reasonable probability that the outcome would have been any different. Since trial counsel was not ineffective, this theory cannot be used to excuse Petitioner's default as to the eleven member jury issue. Therefore, the Court denies the petition based on Petitioner's eleven-member jury and related ineffective assistance of counsel claims.

**B. Prosecutorial Vouching & Ineffective Assistance of Counsel**

Petitioner asserts that the prosecutor engaged in misconduct by vouching for the credibility of Mr. Lawshea through the following testimony of Detective Ronald Tuski:

> Q: Now, since you're the officer in charge of this particular case, is it your determination of what evidence is submitted in a particular case for fingerprints and what is not?
>
> A: Yes.
>
> Q: Was the gun and handcuffs in this case submitted to the Michigan State Police crime lab for fingerprints in this particular case?
>
> A: No, they weren't.
>
> Q: Can you explain to the jury why they were not?
>
> A: Well, when we had the information from our victim, he's given us three different statements, each statement was consistent to what the actual crime was. If somebody was reportin' a – a false report, certain things would change. You know, your story can't be consistent, but Mr. Lawshea was consistent in the stories that I received. The written statement and the sequence of events were consistent, so that lends credibility to Mr. Lawshea in my eyes and –
>
> Mr. Secrest: Judge, I'm going to object to what this officer – officer thinks about the credibility of Mr. Lawshea. That's for this jury to determine, whether or not Mr. Lawshea is credible.
>
> Mr. Selwocki: That's not what I asked the Officer your Honor, and the Officer is asking and – we can go into as much detail or as little detail as Mr. Secrest would like in front of this jury regarding why those items were not submitted for fingerprints.
>
> Mr. Secrest: I'm just –
>
> Mr. Selwocki: That was the question and he's answering it. There's a long list of reasons.
>
> The Court: I'll strike the part about his opinion on the credibility.

8

Mr. Secrest: Okay.

Trial Transcript, Vol. III, 2/7/02, pp. 469-70.

"Improper vouching occurs when a jury could reasonably believe that a prosecutor was indicating a personal belief in a witness' credibility." *Taylor v. United States,* 985 F.2d 844, 846 (6th Cir. 1993). Improper vouching also occurs when the prosecutor argues evidence not in the record, *United States v. Martinez,* 981 F.2d 867, 871 (6th Cir. 1992), or when the prosecutor supports the credibility of a witness by expressing a personal belief in the truthfulness of the witness' testimony, thereby placing any perceived prestige of the office of the prosecutor behind the witness. *See United States v. Francis,* 170 F.3d 546, 549-50 (6th Cir. 1999). Generally, prosecutorial vouching involves either blunt comments, *United States v. Kerr,* 981 F.2d 1050, 1053 (9th Cir. 1992), or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony. *United States v. Carroll,* 26 F.3d 1380, 1388 (6th Cir. 1994).

A review of the above stated questions and answers does not indicate improper vouching, but rather an inquiry into why certain evidence was not submitted to the Michigan State Police crime lab. This led to testimony about Detective Tuski's belief in the credibility of Mr. Lawshea as a basis for not submitting the evidence for testing. The trial court cured the credibility testimony by striking the objectionable portion of the detective's answer. Since the Court does not find that the prosecutor engaged in improper vouching during the above stated testimonial exchange, it accordingly does not find that trial counsel was ineffective when he failed to request a mistrial as a result of Detective Tuski's testimony.

Furthermore, Petitioner is not entitled to habeas relief on his claim that counsel was

9

ineffective for failing to request a mistrial based on the alleged vouching because any request for a mistrial would have been futile. *See Morales v. Russo,* 401 F. Supp.2d 170, 180-81 (D. Mass. 2005). The Michigan Court of Appeals stated as follows:

> Nevertheless, even if erroneous, defendant cannot demonstrate prejudice requiring reversal. The trial court sustained defense counsel's objection to the testimony and struck the portion of the officer's first answer in which he directly commented on the complainant's credibility. In addition, the trial court gave several cautionary instructions, advising the jury that it was to decide the facts of the case, that the lawyer's comments were not evidence, and that the jury was to make the ultimate decision whether a witness was credible. A jury is presumed to follow its instructions. The court's instructions were sufficient to cure any perceived prejudice.

*People v. Ellesin,* 2003 WL 22359382, *5 (Mich. App. Oct. 16, 2003) (internal citations omitted). Based on the trial court's curative instructions regarding the detective's comments on the complainant's credibility and the Court's finding that the testimony was not improper, the Court concludes that a motion for a mistrial on this issue would have been futile. Thus, trial counsel's failure to file such a motion cannot form the basis of an ineffective assistance of counsel claim. Accordingly, the Court denies the petition based on Petitioner's prosecutorial vouching and related ineffective assistance of counsel claims.

## VI. Conclusion

For the reasons stated above, **IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" [Doc. #1] is **DENIED**.

**IT IS SO ORDERED.**

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 28, 2007

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 28, 2007.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290